# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 3:93CR50005 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TOMMY LIGHTFOOT**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The question presently before the court is whether the defendant should receive a reduction of his sentence pursuant to the Sentencing Commission's retroactive application of the reduced crack cocaine guidelines.

I

The defendant, Tommy Lightfoot, plead guilty to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), and using or carrying a firearm during drug trafficking, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007). He was sentenced by this court on December 13, 1993. Under the sentencing guidelines, the defendant's Total Offense Level was

33 with a Criminal History Category of IV, resulting in an imprisonment range of 188 to 235 months. In accord with a Substantial Assistance Motion filed by the government, this court departed downwards from the guidelines and sentenced the defendant to 166 months, to run consecutively with the 60 months on the § 924(c) count, together with five years of supervision following his release from prison.

Effective November 1, 2007, the U.S. Sentencing Commission amended the Drug Quantity Table at USSG § 2D1.1 so that crack cocaine quantities were generally lowered by two levels. *See* USSG app. C, amends. 706, 711 (Supp. 2007). Under the amended guidelines, the defendant would have a Total Offense Level of 31, resulting in an imprisonment range of 151 to 188 months.

On February 15, 2008, pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000) and USSG § 1B1.10 (Supp. effective Mar. 3, 2008), the defendant filed a Motion to Reduce Sentence. On February 22, 2008, I notified the parties that I was contemplating reducing the defendant's sentence to time served.[1] The government

---

[1] Because the Bureau of Prisons indicates that the defendant's current projected release date is July 24, 2009, upon reduction of his sentence he will be entitled to immediate release. The Bureau of Prisons has requested that any reduction in an inmate's sentence under 18 U.S.C.A. § 3582(c)(2) resulting in immediate release be stayed for a period of ten days in order to allow it to perform its pre-release public safety obligations. *See* Letter from Director of Bureau of Prisons to Chair of Committee on Criminal Law (Feb. 13, 2008).

objected to any reduction in sentence for the defendant. For the reasons following, I will overrule the government's objections and grant the reduction as proposed.

II

The Sentencing Commission's policy statement provides that in determining whether a reduction should be granted under § 3582(c)(2), and the extent of such a reduction, the court must consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), as well as the danger to any person or the community, and the court may consider the post-sentencing conduct of the defendant. USSG § 1B1.10 cmt. n.1(B). "If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." USSG § 1B1.10(b)(2)(B).

The government's objections to the reduction of the defendant's sentence may be divided into three groups. First, the government emphasizes the conduct underlying the present convictions, including the amount of crack cocaine for which the defendant was held responsible, the fact that the defendant carried a firearm while trafficking drugs, and the defendant's role in the offense. Second, the government points to the defendant's criminal history. Finally, the government contends that the

defendant's behavior while incarcerated militates against a reduction. I will address each concern in turn.

The guidelines provide a vehicle for consideration of conduct underlying an offense. The defendant's Total Offense Level takes into account the amount of crack cocaine for which the defendant was responsible and the defendant's role in the offense. Furthermore, the defendant plead guilty to violating 18 U.S.C.A. § 924(c) and was ordered to serve an additional 60 months—to be served consecutively—for carrying a firearm while engaged in drug trafficking.

With regard to the defendant's criminal history, the guidelines provide a mechanism for consideration of prior convictions through calculation of a criminal history score. In this case, the defendant's criminal history put him in Category IV and his guideline range was calculated accordingly. To do as the government suggests, would doubly penalize the defendant for his criminal history. Absent any evidence that the defendant's criminal history category uniquely fails to reflect his actual criminal history or danger to the public, I do not find his prior convictions to be a bar to reduction in sentence.

The government's final argument is that the defendant has behaved in such a manner in prison as to indicate that it would be dangerous to release him into the community. In the approximately fifteen years that the defendant has been

incarcerated, he has been sanctioned for two incidents of misconduct. I do not find that the defendant's post-sentencing conduct is significant enough to bar a reduction of his sentence.

Infractions in prison can be serious and may indicate that a defendant will disregard the rules and laws of the community. Accordingly, the Bureau of Prisons has the discretion to grant or withhold good time, giving some inmates the opportunity to eliminate fifteen percent of the total sentence imposed by the court. Nothing in my ruling today changes that. If the Bureau of Prisons has determined that the defendant's infractions warrant a reduction in his good time, then the defendant may be required to serve the entirety of his new sentence in prison. Furthermore, if the government decides that deprivation of good time is an insufficient penalty for an infraction, then it has the option of prosecuting an inmate for the crimes he committed in prison.

III

In accord with 18 U.S.C.A. § 3582(c)(2), 18 U.S.C.A. § 3553(a), and USSG § 1B1.10, I will reduce the defendant's sentence to time served. All other terms of the original sentence, including length of supervised release, conditions of supervised release, and monetary penalties will remain unchanged.

It is so **ORDERED**.

ENTER: March 5, 2008

/s/ JAMES P. JONES
Chief United States District Judge